AMEND  FCHR NO 202023113  HARSHMAN V CVS PHARMACY    5:21-CV-245-TJC-PRL

CVS  REFUSES TO HIRE ME IN VIOLATION OF   USCA 29-621  AGE DISCRIMINATION   USCA 12112
DISABILITY DISCRIMINATION  AND RETALIATION OF FILLING FORMER COMPLAINTS AGAINST

SEVEN RIVERS HOSPITAL  2005 APPEAL  AGE DISCRIMINATION ADVERTISING 40 HOURS OFFER 20  AND

UNEMPLOYMENT COMPENSATION DAVID SAEF DM  ECKERD DRUGS AND DEBRA KING SUN N LAKE

PHARMACY.SEBRING.   MR HARSHMAN RPH LIKE MANY FLORIDIANS IS SICK IN TIRED OF FILLING OUT
ONE APPLICATION AFTER ANOTHER FOR EMPLOYMENT  AND GETTING NO RESPONSE TELEPHONE OR
EMAIL FROM EMPLOYERS.  NO INTERVIEW.  TIME UNCOMPENSATED OFF THE CLOCK.  I HAVE
FORWARDED NUMEROUS EMPLOYMENT ADS TO YOUR OFFICE FOR A VERY GOOD REASON;  YOUR
CODE EEOC GAVE ME A BROCHERE THAT ADVERTISING  WITHOUT EMPLOYMENT IS SUBJECT TO
FEDERAL EEOC INVESTIGATION  WHY DOEN T THE STATE OF FLORIDA HAVE THE SAVE EEOC CODE
BROCHERES INFLUDING A STICK AND CARROT APPROACH BY EMPLOYERS TO FALSE ADVERTISE TO
VULVERABLE CITIZENS IN THIS STATE.  WORKERS YOUNG AND OLD.  AS LONG AS THE REPUBLICANS ARE
NEGLIGENT IN HELPING SENIORS WITH EMPLOYMENT THROUGH NEEDED CHANGES IN SOCIAL SECURITY
LAW IE GAINFUL ACTIVITY  WHICH NEEDS TO BE UNLIMITED WORK HOURS PLUS SOCIAL SECURITY
DISABILITY OR RETIREMENT SOCIAL SECURITY  BENEFIT  IN ORDER TO HELP ALL WORKERS IN THIS STATE
OF FLORIDA  I WILL DILIGENTLY FORWARD FALSE ADVERTISEMENT DOCUMENTS TO YOUR OFFICE UNTIL

I GET EMPLOYED FULL TIME.  I NEED EMPLOYMENT LIKE ALL THE OTHER SENIORS IN FLORIDA ON
SOCIAL SECURITY  WHICH IS INADEQUATE PARTICULARLY IN HEALTHCARE. I HAVE ALSO FILLED

OVER 200 PRESCRIPTIONS WITH MANY LEADING COMPANIES WITH A MYRIAD OF PROBLEMS WITH

EMPLOYERS ON PHARMACY OPERATIONS  LIKE NO AVAILABILITY OF ORDER MACHINE NO COMPUTER

TRAINING INADEQUATE TRAINING NO STOOL TO SIT ON LIKE A DOCTOR COMPUTERS THAT WON T
WORK ONCE TRAINED IE TARGET AND RITE AID. WINN DIXIE. NO ADEQUATE SICK LEAVE POLICY.

WHEN THESE EMPLOYERS POST FEDERAL EMPLOYMENT LAW THEY NEED TO ADHERE TO IT.

CVS  POLICY OF COMPETENCY TEST SHOULD BE SUBJECT TO A VIOLATION WHEN WE HAVE
HURRICAINES AND TORNADOES IN THIS STATE AND THEY KEEP ADVERTISING TO THE PUBLIC WITHOUT
EMPLOYMENT PERFORMANCE BY EMPLOYERS OR INADEQUATE STAFF.  I WILL CONTINUE TO AMMEND
APPEAL OR WHATEVER IT TAKES TO GET AND RECOVER LOST WAGES WHEN ECKERDS HARRASSED AND

AND LAYED OFF KNOWLEDGEABLE WORKERS WITH NO REASON OR COMPETENT EXPLANATION. I
NEVER HAD TO TAKE A COMPETENCY TEST TO MANAGE PHARMACIES IN GEORGIA OR FLORIDA BEFORE.

I HAVE TAKEN ALL THE CVS COMPETENCY TEST I NEED TO TAKE.  I WANT A PAYCHECK LIKE ANY OR ALL

SENIORS. ASAP AND INVESTIGATION OF THIS MATTER.  THANK YOU

SINCERELY

FILED
Date: 5/3/2021
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT of FLORIDA
OCALA, FLORIDA

DANA HARSHMAN RPH  FRM. CANDIDATE STATE REP CANDIDATE FOR STATE REP

OCALA, FL. 34471

1-352-299-3134

THIS AMMENDED COMPLAINT WAS WRITTEN ON MY WATCH UNCOMPENSATED BY CVS

......

4-28-2021

### ESSENTIAL ELEMENTS OF THE CLAIM

I WORKED FOR  CVS  WALGREENS 3 YEARS. I FILLED ALL PRESCRIPTIONS I WAS
PRESENTED.  WALGREENS REFUSED TO REHIRE ME IN 2005 AT THE SAME TIME I FILLED
APPEAL SEVEN RIVERS HOSPITAL FOR ADVERTISING 40 HOURS OFFER 20 IN 11TH CIRCUIT.
THAT WAS RETALIATION IN 2005. RETALIATION NOW AFTER APPLYING IN FEBUARY AND MAY
THIS YEAR 2019. ALSO DISABILITY DISCRIMINATION USCA 12112.  AND VIOLOATION USCA
29  621. AGE DISCRIMINATION .
DANA HARSHMAN RPH. Interpretation of Substantive Claims Under ADEA
• *Disparate Impact Claims* — Under the disparate treatment theory of discrimination, "an
employer simply treats some people less favorably than others" because of some
protected characteristic.[11] In *Hazen Paper Co. v. Biggins,* 507 U.S. 604 (1993), the court
stated that "[p]roof of discriminatory motive is critical, although it can in some situations
be inferred from the mere fact of differences in treatment."[12] There is no question that the
disparate treatment theory of discrimination is available under the ADEA.[13] The ADEA
clearly states that it is illegal for an employer "to fail or refuse to hire or to discharge any
individual or otherwise discriminate against any individual with respect to his
compensation, terms, conditions, or privileges of employment, because of such
individual's age."[14] Liability under the ADEA requires that age actually motivate the
employer's decision, whether formally or informally.[15]

# United States Supreme Court

## GENERAL DYNAMICS LAND SYSTEMS, INC. v. CLINE et al.(2004)

## No. 02-1080

## Argued: November 12, 2003Decided: February 24, 2004

 The Age Discrimination in Employment Act of 1967 (ADEA or Act), 81 Stat.
602, 29 U. S. C. §621 *et seq.,* forbids discriminatory preference for the
young over the old. The question in this case is whether it also prohibits
favoring the old over the young. We hold it does not. # United States
Supreme Court

## GOMEZ-PEREZ *v.* POTTER, POSTMASTER GENERAL(2008)

## No. 06-1321

## Argued: February 19, 2008Decided: May 27, 2008

*Held:* Section 633a(a) prohibits retaliation against a federal employee who
complains of age discrimination. Pp. 3-16.

(a) In so concluding, the Court follows the reasoning of two prior decisions ruling that retaliation is covered by similar language in other antidiscrimination statutes. First, in *Sullivan* v. *Little Hunting Park, Inc.*, 396 U. S. 229, 237, the Court held that a retaliation claim could be brought under 42 U. S. C. §1982, which provides that "[a]ll citizens ... shall have the same right ... as is enjoyed by white citizens ... to inherit, purchase, lease, sell, hold, and convey real and personal property." While §1982 does not use the phrase "discrimination based on race," that is its plain meaning. See, *e.g.*, *Jackson* v. *Birmingham Bd. of Ed.*, 544 U. S. 167, 177. Second, the *Jackson* Court, *id.*, at 173-174, relied on *Sullivan* in holding that Title IX of the Education Amendments of 1972, 20 U. S. C. §1681(a), which prohibits "discrimination" "on the basis of sex" in educational programs receiving federal aid, reached retaliation against a public school teacher for complaining about

The federal-sector provision of the ADEA provides that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age." §633a(a) (2000 ed., Supp. V). The key question in this case is whether the statutory phrase "discrimination based on age" includes retaliation based on the filing of an age discrimination complaint. We hold that it does.

# United States Supreme Court

## EEOC v. WYOMING(1983)

## No. 81-554

## Argued: October 5, 1982Decided: March 2, 1983

The report of the Secretary of Labor, whose findings were confirmed throughout the extensive factfinding undertaken [460 U.S. 226, 231]  by the Executive Branch and Congress, came to the following basic conclusions: (1) Many employers adopted specific age limitations in those States that had not prohibited them by their own antidiscrimination laws, although many other employers were able to operate successfully without them. (2) In the aggregate, these age limitations had a marked effect upon the employment of older workers. (3) Although age discrimination rarely was based on the sort of animus motivating some other forms of discrimination, it was based in large part on stereotypes unsupported by objective fact, and was often defended on grounds different from its actual causes. (4) Moreover, the available empirical evidence demonstrated that arbitrary age lines were in fact generally unfounded and that, as an overall matter, the performance of older workers was at least as good as that of younger workers. (5) Finally, arbitrary age discrimination was profoundly harmful in at least two ways. First, it deprived the national economy of the productive labor of millions of

individuals and imposed on the governmental treasury substantially increased costs in unemployment insurance and federal Social Security benefits. Second, it inflicted on individual workers the economic and psychological injury accompanying the loss of the opportunity to engage in productive and satisfying occupations.

## United States Supreme Court

### STEELWORKERS v. UNITED STATES(1959)

### No. 504

### Argued: November 3, 1959Decided: November 7, 1959

Congress was not concerned with the merits of the parties' positions or the conduct of their negotiations.


## United States Supreme Court

### STEELWORKERS v. WEBER(1979)

### No. 78-432

### Argued: March 28, 1979Decided: June 27, 1979

Those legislators demanded as a price for their support that "management prerogatives, and union freedoms . . . be left undisturbed to the greatest extent possible." H. R. Rep. No. 914, 88th Cong., 1st Sess., pt. 2, p. 29 (1963). Section 703 (j) was proposed by Senator Dirksen to allay any fears that the Act might be interpreted in such a way as to upset this compromise.

## United States Court of Appeals,First Circuit.

### EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, Appellant, v. KOHL'S DEPARTMENT STORES, INC., Defendant, Appellee.

### No. 14–1268.

### Decided: December 19, 2014

Because a reasonable jury could find that Manning reasonably believed that no accommodation was forthcoming or possible, and that further work without an accommodation posed a serious health risk, a jury that found Kohl's could have

**Robinson v. Shell Oil Co., 519 U.S. 337 (1997)**

**(b) A holding that former employees are included within §704(a)'s coverage is more consistent with the broader context provided by other Title VII sections and with §704(a)'s primary purpose of maintaining unfettered access to Title VII's remedial mechanisms. As noted, several sections of the statute plainly contemplate that former employees will make use of Title VII's remedial mechanisms. These include §703(a), which prohibits discriminatory "discharge." Insofar as §704(a) expressly protects employees from retaliation for filing a "charge," and a charge under §703(a) alleging unlawful discharge would necessarily be brought by a former employee, it is far more consistent to include former employees within the scope of "employees" protected by §704(a). This interpretation is supported by the arguments of petitioner and EEOC that exclusion of former employees from §704(a) would undermine Title VII's effectiveness by allowing the threat of postemployment retaliation to deter victims of discrimination from complaining to EEOC, and would provide a perverse incentive for employers to fire employees who might bring Title VII claims. Pp. 8-9.**

70 F. 3d 325, reversed.

**Thomas, J., delivered the opinion for a unanimous Court.**

**Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)**

**Held:**

1. Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. The structure of Title VII, the congressional policy underlying it, and the reasoning of this Court's prior cases all lead to this conclusion. Pp. 455 U. S. 392-398.

2. United States Supreme Court
3. FORD MOTOR CO. v. EEOC(1982)
4. No. 81-300
5. Argued: April 20, 1982Decided: June 28, 1982
6. Section 706(g) of the Civil Rights Act of 1964, 78 Stat. 261, as amended, 42 U.S.C. 2000e-5(g), governs the award of backpay in Title VII cases. In pertinent part, 706(g) provides:
7. "If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the [458 U.S. 219, 226]   court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, . . . hiring of employees, with or without back pay, . . . or any other equitable relief as the court deems appropriate. . . . Interim earnings or amounts earnable with reasonable

diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable" (emphasis added). 8

**Hinton v. Supervision Int'l, Inc., 5D05-2522**

In a suit brought by plaintiff for retaliation in violation of the Florida Civil Rights Act, grant of a judgment notwithstanding the verdict (JNOV) for defendant-employer is reversed where: 1) the trial court improperly added an additional requirement to plaintiff's burden of proving a prima facie case of retaliation; and 2) assuming, but not deciding, that the trial court was correct that a showing of good faith was an element of plaintiff's burden of proof, the jury's verdict in the instant case nevertheless was supported by evidence or inferences that she filed her claim of retaliation in good faith.

## Appellate Information

- Decided 12/01/2006
- Published 12/01/2006

## Judges

- PALMER, J.

## Court

- District Court of Appeal of Florida

## Counsel

- · For Appellees:
- · N. James Turner, of N. James Turner, Esq., P.A., Orlando, for Appellant/Cross-Appellee., Marc P. Ossinsky of Ossinsky & Cathcart, P.A., Winter Park, for Appellee/Cross-Appellant.

**DANA HARSHMAN RPH**

**216 S.E. 16TH AVE.**

**OCALA, FL., 34471**

**1-352-299-3134**

reasonably accommodated Manning's needs could also conclude that Kohl's constructively discharged Manning by not doing so.

As best as I can tell, this is the first time that any circuit court has held that an employer can reject an accommodation request backed up by a doctor's note, refuse to offer an accommodation that it has determined it can make, falsely claim that any accommodation must be offered to all workers whether disabled or not, and then declare the employee's ADA rights forfeited when she gives up. Such a holding demands too much resilience and persistence on the part of a disabled and stressed-out employee, and takes away from jurors a task they are well-suited to perform. I respectfully dissent.

# United States Supreme Court

## AMERICAN TEXTILE MFRS. INST. v. DONOVAN(1981)

## No. 79-1429

## Argued: January 21, 1981Decided: June 17, 1981

> Whether or not OSHA has the underlying authority to promulgate a wage guarantee requirement with respect to employees who are transferred to another position when they are unable to wear a respirator, OSHA failed to make the necessary determination or statement of reasons that this requirement was related to achievement of health and safety goals. Pp. 536-540.

# United States Supreme Court

## UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER v. NASSAR(2013)

## No. 12-484

## Argued: April 24, 2013Decided: June 24, 2013

> Further confirmation of the inapplicability of §2000e-2(m) to retaliation claims may be found in Congress' approach to the Americans with Disabilities Act of 1990 (ADA), 104 Stat. 327. In the ADA Congress provided not just a general prohibition on discrimination "because of [an individual's] disability," but also seven paragraphs of detailed description of the practices that would constitute the prohibited discrimination, see §§102(a), (b)(1)-(7), id., at 331-332 (codified at 42 U. S. C. §12112). And, most pertinent for present purposes, it included an express antiretaliation provision, see §503(a), 104 Stat. 370 (codified at 42 U. S. C. §12203).

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. WAFFLE HOUSE, INC.(2002)

No. 99-1823

Argued: October 10, 2001Decided: January 15, 2002

Held: An agreement between an employer and an employee to arbitrate employment-related disputes does not bar the EEOC from pursuing victim-specific judicial relief, such as backpay, reinstatement, and damages, in an ADA enforcement action. Pp. 5-18.

# United States Supreme Court

## NLRB v. ROBBINS TIRE & RUBBER CO.(1978)

No. 77-911

Argued: April 26, 1978Decided: June 15, 1978

that Exemption 7 (A) was designed to avoid, the most obvious risk of such "interference" being that employers or, in some cases, unions will coerce or intimidate employees and others who have given statements, in an effort to make them change their testimony or not testify at all. Pp. 236-242.





FOREVER

FOREVER

Golden Collum Fedburg NG

Middle District

U.S. Dist Court

207 North West 2ND Street

OCALA, FL.

34475 SCREENED By USMS

216 SE 16th AVE.
OCALA, FL.
34471



Dana Harshman
216 SE 16th Ave
Ocala, FL 34471